NicholsoN, C. J.,
delivered the opinion of the Court.
Complainant was qualified as the administrator of estate of A. F. Nesbitt, at the August Term, 1865, of the Dixon County Court. The personal estate amounted to about $1,200. The real estate was sold on his petition by order of the Circuit Court, on the 4th of February, 1867, on a credit- of one and two years, for $2,950.73.
On the 21st of May, 1869, complainant filed his bill alleging that the debts of the estate amounted to $4,578.33, showing a deficiency of means to pay the debts of $627. He states that he has suggested the insolvency of the estate in the County Court, and prays that the settlement of the estate as insolvent be transferred to the Chancery Court. He states that he would have suggested the insolvency of the estate long since, but for the fact that he believed the land would pay the debts.
The Chancellor held that the insolvency of the estate was suggested in reasonable time and ordered the estate to be settled in the Chancery Court as insolvent, and to that end directed the Clerk and Master to take the necessary accounts with the administrator. The creditors have appealed from this decree. No time is prescribed by the Code within which an administrator or executor is required to make the suggestion of insolvency. But by s. 2328, it is provided that “when any executor or administrator ascertains that the estate committed to his charge is insolvent, *363 he shall make suggestion thereof to the clerk of the County Court, or his legally appointed deputy.” In the present case the administrator says he believed the lands, when sold, would pay all the debts, and for that reason he did not suggest the insolvency sooner. But we have seen that the land was sold on the 4th of February, 1867, and the bill was filed on the 21st of May, 1869. He must have known of the insolvency of the estate for more than two years before he made the suggestion — nearly four years after his qualification. He was quickened into making the suggestion at this late day by the fact that the creditors were pressing him for the payment of their debts in full.
In the case of Hamilton v. Newman, 10 Hum., 559, the Court said: “It will never do to hold that an administrator or executor may with full knowledge of the insolvency of the estate continue to pay debts, regardless of such insolvency, permit judgment to be taken against him without the defense of plene ad-ministravit, and afterwards protect himself against personal responsibility thereon by suggesting the insolvency of the estate and staying the further proceedings at law by injunction. It would be grossly unjust to the suing creditors, who had no other means of protecting their rights.”
The decree of the Chancellor is reversed and the bill dismissed with the costs of this Court and the Court below against complainant.